**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| SABIR RAHMAN, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>AMERICAN HOME MORTGAGE )<br>SERVICING INC., *et al.*, )<br>)<br>*Defendants*. ) | Case No. 8:13cv67-DKC |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, American Home Mortgage Servicing, Inc. ("Homeward"), Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A., as Trustee for American Home Mortgage Investment Trust 2006-3 ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration System, Inc. ("MERS", and together with Homeward, Deutsche Bank, Ocwen, and Wells Fargo, "Defendants"), submit the following Memorandum of Law in Support of Motion to Dismiss.

## INTRODUCTION

Plaintiff's Complaint appears to be a misguided attempt to interfere with a foreclosure action that was filed and prosecuted in the Circuit Court of Montgomery County. In his Complaint, Plaintiff challenges Defendants' authority to foreclose, contends that Defendants defrauded him, asserts superior title to the real property subject to foreclosure, and alleges that Defendants violated the Truth-in-Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"). Plaintiff's theories of relief find no support in the law and are not

supported by facts. The claims are either entirely insufficiently pleaded, precluded by *res judicata* or the *Rooker-Feldman* doctrine, or are time-barred. Therefore, the Court should grant Defendants' Motion to Dismiss and dismiss all of Plaintiff's claims as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff purports to be the owner of real property located at 18806 Brooke Road, Sandy Spring, Maryland 20860 (the "Property"). He claims that on or about June 26, 2006, he obtained a home mortgage loan in the amount of $750,000.00 from AHMSI, which was secured by a lien against the Property. (*Id.* ¶ 32). Plaintiff is mistaken, however, as his mortgage was obtained from American Home Mortgage.[1] Plaintiff claims that his "loan was securitized, with the Note not being properly transferred to" Deutsche Bank. (*Id.* ¶ 33). Plaintiff also contends that "upon information and belief" that none of the "Defendants in this case . . . hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate." (*Id.* ¶ 53).

---

[1] In his Complaint, Plaintiff refers to exhibits but none are attached. Attached as **Exhibit A** and **B** here are copies of the blank-endorsed Adjustable Rate Note and Deed of Trust, which were also filed in Plaintiff's foreclosure action, *Geesing, et al. v. Rahman, et al.*, Case No. 350176V (Montgomery County Cir. Ct.). A court may consider documents attached to a defendant's motion to dismiss where the documents "are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if plaintiffs do not challenge its authenticity.") (internal quotations omitted). A document is integral if its "very existence and not the mere information it contains, gives rise to the legal rights asserted." *SPS Ltd. P'ship, LLLP v. Severstal Sparrows Point, LLC*, 808 F. Supp. 2d 794, 803 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). A court reviewing a motion to dismiss also may "properly take judicial notice of matters of public record." *Philips*, 572 F.3d at 180; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citations omitted).

On July 22, 2011, a foreclosure action was initiated in the Circuit Court of Montgomery County against Plaintiff and his wife, Saeeda Rahman. *See Geesing, et al. v. Rahman, et al.*, Case NO. 350176V (Montgomery County Cir. Ct.) (the "Foreclosure Action"). A copy of the docket in the Foreclosure Action is attached as **Exhibit C**. On August 28, 2013, Plaintiff filed his Complaint against Homeward, Deutsche Bank, American Home Mortgage Investment Trust 2006-3, American Home Mortgage Acceptance, Inc., American Home Mortgage Securities, LLC, Ocwen, Wells Fargo, MERS, and Does 1 through 100 in the Circuit Court for Montgomery County, Maryland, in an action styled *Rahman v. American Home Mortgage Servicing, Inc., et al.*, Case No. 380857V (the "State Court Action"). In the Complaint, Plaintiff purports to allege the following causes of action: (i) Count I – "Lack of Standing to Foreclose" (*Id.*. ¶¶ 59-81); (ii) Count II – Fraud in the Concealment (*Id.* ¶¶ 82-90); (iii) Count III – Fraud in the Inducement (*Id*. ¶¶ 91-98); (iv) Count IV – Quiet Title (*Id.* ¶¶ 99-105); (v) Count V – Declaratory Relief (*Id.* ¶¶ 106-117); and (vi) Count VI – Truth in Lending Act Violation (*Id*. ¶¶ 118-123). On August 28, 2013, the Substitute Trustees sold the Property to Deutsche Bank. Attached as **Exhibit D** is a true and correct copy of the Report of Sale and Affidavit of Fairness of Sale and Truth of Report. On December 6, 2013, an Order was entered in the Foreclosure Action ratifying and confirming the foreclosure sale. Attached as **Exhibit E** is a true and correct copy of the Order entered December 6, 2013. On December 11, 2013, Plaintiff filed a Notice of Appeal of the December 6, 2013 Order. On January 10, 2014, Defendants timely removed the State Court Action to this Court. [ECF No. 1].

## LEGAL STANDARD

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere labels and conclusions stating that the plaintiff is entitled to relief are not enough. *Id.* at 555. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis*, 588 F.3d at 193 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 557). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 545, to one that is "plausible on its face," *id*. at 570, rather than merely "conceivable." *Id.* Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT FAILS TO SATISFY RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

"Under Rule 8, a complaint must allege facts with sufficient specificity to inform defendants what they are accused of so that they can answer or respond to the allegations. Nothing in Plaintiff's Complaint provides Defendants with adequate notice of the allegations against them." *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv793, 2009 U.S. Dist. LEXIS 44838, at *17-18 (E.D. Va. May 28, 2009). The Complaint appears to include the same or very similar allegations found in many Complaints filed, often *pro se*, in this Court and others across

4

the country.[2]  In fact, a very similar Complaint was dismissed in *Somarriba v. Greenpoint Mortgage Funding, Inc.*, No. 13cv072-RWT, 2013 U.S. Dist. LEXIS 133932 (D. Md. Sept. 19, 2013) (alleging claims for (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement, (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Violation of the Truth in Lending Act, (9) Violation of the Real Estate Settlement Procedures Act).  In the *Somarriba* decision, the Court remarked that the plaintiffs' Complaint was "comprised of vague statements alleging impropriety by the Defendants in their actions concerning the Plaintiffs' mortgage and real property. Even a high-powered magnifying glass equipped with the finest convex lens would not allow the Court to identify specific factual allegations sufficient to save the Plaintiffs' Complaint from dismissal." *Id.* at *7-8.

This Complaint is no different as it is peppered with nothing more than "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]."  *Iqbal*, 556 U.S. at 678.  Moreover, Plaintiff provides little, if any, facts about *each* Defendant's role in the alleged wrongdoing.  *See Alliance Tech. Group, LLC v. Achieve 1, LLC*, No. 3:12cv701, 2013 U.S. Dist. LEXIS 4708, at *11-12 (E.D. Va. Jan. 11, 2013) ("In the Complaint now under review, many of the omnibus allegations against 'the Defendants' are conclusory, meriting minimal credit. . . .  In conducting the appropriate review, the Court must remain mindful of the indiscriminate character of those allegations against the 'Defendants.' While such pleading is not prohibited *per se*, it impacts the Court's plausibility analysis with respect to [the moving defendants]."); *Blick v. JP Morgan*

---

[2] It appears that this Complaint, or one very similar to it, can be downloaded from the Internet and edited to include parties involved in any plaintiff's loan. *See, e.g.*, Certified Forensic Loan Auditors, LLC, *Complaint/Petition*, available *at* http://www.certifiedforensicloanauditors.com/pdfs/sample-complaint-package/Complaint-Petition.pdf (visited Jan. 17, 2014).

*Chase Bank, N.A.*, No. 3:12cv00001, 2012 U.S. Dist. LEXIS 41265, at *18-19 (W.D. Va. Mar. 27, 2012) (citing *Dealers Supply Co. v. Cheil Indus., Inc.*, 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004) ("Courts have been quick to reject pleadings in which multiple defendants are lumped together and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made . . . .")). Plaintiff's generalized allegations are not enough to satisfy Rule 8, and the Court should dismiss the Complaint.

I.  **PLAINTIFF'S CLAIM FOR LACK OF STANDING TO FORECLOSE (COUNT I) AND DECLARATORY RELIEF (COUNT V) FAIL AS A MATTER OF LAW.**

Counts I and V essentially assert the same claim that Defendants have no authority to foreclose on the Property. Both claims seek declaratory relief concerning Deutsche Bank's ability to enforce the Note and Deed of Trust, and neither claim can be maintained. The Foreclosure Action combined with the lack of factual allegations in the Complaint establishes that Plaintiff has not "cross[ed] 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Also, Plaintiff's theories of recovery find no support in the law. *See, e.g.*, *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 U.S. Dist. LEXIS 48029 (D. Md. 2013) ("The Note denotes a blank endorsement by the original lender, American Home, and one in possession of a negotiable instrument endorsed in blank is the holder of that instrument. Md. Code Ann., Comm. Law § 3-205(b). Thus, Deutsche Bank is a holder of the Note and, with it, obtained the rights of the Deed of Trust."); *Mabry v. MERS*, No. WMN-13-1700, 2013 U.S. Dist. LEXIS 141319, at *6-7 (D. Md. Oct. 1, 2013) ("Plaintiff's assertion that MERS lacks standing carries no weight. This Court has previously noted that such standing arguments, which appear premised on MERS's ability to bring a foreclosure action, are misplaced where MERS, as

Defendant, is 'not seeking affirmative relief but is simply defending a suit brought against it.'") (quoting *Suss v. JP Morgan Chase Bank, N.A.*, Civ. No. WMN-09-1627, 2010 U.S. Dist. LEXIS 68777, at *4 (D. Md. July 9, 2010)). Even if Plaintiff could advance adequate facts or assert theories that were recognized under Maryland law, the claims are subject to dismissal for the reasons stated below.

### A. *Res Judicata* and the *Rooker-Feldman* Doctrine Bar the Claims.

Counts I and V are barred by the doctrine of *res judicata* and the *Rooker-Feldman* doctrine. Maryland Courts have consistently ruled that *res judicata* precludes suits where lender liability claims could have been asserted as counterclaims in a foreclosure proceeding. *See, e.g., Fairfax Savings, F.S.B. v. Kris Jen Ltd. P'ship*, 338 Md. 1, 655 A.2d 1265, 1275 (1995) (holding that plaintiffs could have asserted their no-default claim and other claims as a counterclaim in the mortgage foreclosure proceeding); *see also In re Serra Builders, Inc. v. John Hanson Savings Bank,* 128 B.R. 615, 618 (Bankr. D. Md.1991) (concluding that the ratification of a foreclosure sale by the state court over the debtor's objection was binding under the doctrine of *res judicata*); *Tri–Towns Shopping Center, Inc. v. First Fed. Savings Bank of Western Md.*, 114 Md. App. 63, 688 A.2d 998 (1997) (holding that when plaintiff excepted to the ratification of a mortgage foreclosure sale, *i.e.*, appeared *in personam,* he was "generally precluded, on *res judicata* grounds, from thereafter filing a separate suit based upon the alleged improper actions of the mortgagee."). Plaintiff tested his theories in the Foreclosure Action, and they were rejected on numerous occasions. Plaintiff cannot now relitigate the same theories in this Court.

Similarly, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. In Counts I and V, Plaintiff would have disturb the state court finding that the foreclosure sale was proper. The *Rooker-Feldman* doctrine precludes this type of claim, and Plaintiff cannot relitigate the merits

7

of the foreclosure sale. *Smalley v. Shapiro & Burson, LLP*, No. 12-1266, 2013 U.S. App. LEXIS 7582, at *13-14 (4th Cir. Apr. 16, 2013) ("Although Appellants do not seek to 'undo' the state court judgment foreclosing on their homes, permitting their case to go forward would, in essence, hold that the state court judgments which affirmed the legal fees and commissions and held the allegedly false affidavits sufficient to warrant foreclosure was in error. This is not proper under *Rooker-Feldman* because their federal causes of action are 'inextricably intertwined' with the state court foreclosure actions. This prong of the doctrine 'bars a claim that was not actually decided by the state court but where 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'"). Therefore, Count I and V should be dismissed as a matter of law.[3]

### B. Plaintiff's Claims for Declaratory Relief Should Be Denied.

Under the federal Declaratory Judgment Act, the Court may declare the rights and legal relations of the parties where there is an actual case or controversy within the Court's jurisdiction. As articulated by the Supreme Court, in order to satisfy the case-or-controversy requirement of Article III of the United States Constitution, courts must determine "whether the facts alleged, under all the circumstances, show there is a substantial controversy, between the parties having adverse legal interest, of sufficient immediacy and reality to warrant relief." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 133-34 (2007) (citations omitted). "[T]he granting of declaratory relief is entrusted to the discretion of the district court." *Great American Ins. Co. v. Gross*, 468 F.3d 199, 209 (4th Cir. 2006). "'In the declaratory judgment context, the

---

[3] For these same reasons, awarding relief for Plaintiff's claims for Lack of Standing to Foreclose, Quiet Title, and Declaratory Judgment would require the Court to violate The Anti-Injunction Act. *See, e.g.*, *Nolan v. Buonassissi, Henning & Lash, P.C.*, No. DKC 12-0741, 2012 U.S. Dist. LEXIS 37397, at *2 (D. Md. Mar. 20, 2012) ("To the extent the foreclosure proceedings are still pending, this court is prohibited from enjoining state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283.").

normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

The Court should dismiss the Count V and all other claims requesting declaratory relief because Plaintiff has an adequate remedy under Maryland law. The Maryland legislature interposed significant pre-foreclosure sale protections in 2009 when it enacted Md. Rule 14-211 and provided for the filing of a motion to stay the sale and dismiss the foreclosure action. *Thomas v. Nadel*, 427 Md. 441, 443, 48 A.3d 276, 277 (2012) ("Prior to the sale, a borrower may file a motion to stay the sale and dismiss the foreclosure action under Maryland Rule 14-211."). Rule 14-211 permits a borrower to challenge the validity of the lien or the lien instrument or the right of the lender to foreclose. Therefore, the Court should also dismiss Count I and V because Plaintiff has and had a remedy under Maryland foreclosure law to challenge any improper attempt to foreclose on the Property.

## II.   PLAINTIFF HAS NO CLAIM FOR FRAUD (COUNT II & III).

In Counts II (Fraud in the Concealment) and Count III (Fraud in the Inducement), Plaintiff seeks to assign liability on Defendants in both the origination and securitization of the home mortgage loan. However, Plaintiff has advanced no facts that establish that he has any fraud claim against Defendants. To state a claim for fraud under Maryland law, a plaintiff must establish five elements: (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to

rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *See, e.g.*, *Md. Envtl. Trust v. Gaynor*, 370 Md. 89, 97, 803 A.2d 512 (2002). Absent a duty to disclose, active concealment of a material fact, "characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter," may also constitute common law fraud because concealment is analogous to intentional misrepresentation. *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000). When a plaintiff alleges fraud with regard to mere non-disclosure of a material fact, however, he or she must first establish that the defendant owed a duty of care to the plaintiff. *See id.* at 899 (stating that "silence as to a material fact (nondisclosure), without an independent disclosure duty, usually does not give rise to an action for fraud"). Under the rule, a plaintiff alleging claims that sound in fraud "'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted).

A.   **Plaintiff Fails to State a Claim for Fraud in the Concealment (Count II).**

Plaintiff asserts that Defendants somehow concealed the fact the mortgage loan was securitized and that such omission somehow damaged them. The allegations fail to satisfy any of the elements requisite to establish a fraud claim. Plaintiff has not identified any concealment of a material fact. *In re Mun. Mortg. & Equity, LLC*, 876 F. Supp. 2d 616, 625 (D. Md. 2012) ("To satisfy Rule 9(b)'s heightened pleading standard, a plaintiff must allege facts establishing the 'who, what, when, where, and how' of the claimed fraud."). Plaintiff offered no factual allegations to support its apparent contention that Defendants (and which among them) actively and consciously hid the fact the loan had been securitized from them. *Fegeas v. Sherrill*, 218

Md. 472, 476-77, 147 A.2d 223, 225-26 (1958) ("'To create a cause of action, concealment must have been intentional and effective—the hiding of a material fact with the attained object of creating or continuing a false impression as to that fact. The affirmative suppression of the truth must have been with intent to deceive.'").  Additionally, Plaintiff's allegations that this purported misrepresentation somehow induced them to enter into the loan is nonsensical and cannot form the basis for any actionable claim.  This is especially true because securitization of the loan occurred *after* its origination. As a result, Count II of the Complaint should be dismissed with prejudice.

### B. Plaintiff's Fraud in the Inducement Claim (Count III) Also Fails.

Count III, Plaintiff's Fraud in the Inducement claim, offers nothing but vague and nonspecific allegations. Plaintiff contends that "Defendants, intentionally misrepresented to Plaintiff that Defendants were entitled to exercise the power of sale provision contained in the Deed of Trust." (Compl. ¶ 92).  The Foreclosure Action disproves any claim for fraud based on this allegation.  Plaintiff also adds that "Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loan and accept the Services . . ." (*Id.* ¶ 94). However, Plaintiff does not identify what material terms were not disclosed and how the failure to disclose the material terms caused him to obtain a loan from American Home Mortgage. *See, e.g., Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (explaining that the circumstances that must be pled with specificity are "the time, place, and contents of the false representations, as well as the person making the misrepresentation and what he obtained thereby") (citation omitted).  Simply, Count III fails to establish none of the elements of fraud, and the claim should be dismissed.

## III. PLAINTIFF'S QUIET TITLE CLAIM (COUNT IV) SHOULD BE DISMISSED.

### A. The Claim is Barred by Md. Code Ann., Real Property § 14-108.

In *Barilone v. OneWest Bank, FSB*, No. ELH-13-00752, 2013 U.S. Dist. LEXIS 182049 (D. Md. Dec. 31, 2013), this Court faced a similar procedural posture a whereby a plaintiff filed a quiet title action (that was ultimately removed to this Court) while a foreclosure action was pending in state court against the plaintiff. The Court recognized that a claim for quiet title "may only be brought 'if an action at law or proceeding in equity is not pending to enforce or test the validity of title, lien, encumbrance, or other adverse claim . . . ." *Id.* at *15 (quoting Md. Code Ann., Real Property § 14-108); *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (dismissing quiet title claim when foreclosure action was pending in state court); *see also Braxton v. Citibank, N.A.*, Civ. No. AW-11-00742, 2011 U.S. Dist. LEXIS 104923, (D. Md. Sept. 15, 2011) ("[A] quiet title action cannot be maintained in Maryland while an underlying foreclosure suit is pending."); *Sucklal v. MTGLQ, Investors, LP*, No. WDQ-10-1536, 2011 U.S. Dist. LEXIS 14264 (D. Md. Feb. 14, 2011) ("[A] quiet title claim is barred because [plaintiff] has moved to vacate the foreclosure sale"). In *Barilone*, the plaintiff's foreclosure proceedings were still pending in the Circuit Court of Baltimore County when she filed her quiet title action. As such, the Court found that Md. Code Ann., Real Property § 108 "prohibits this Court from entertaining plaintiff's claims." *Id.* at *16. The same result should be reached here. At the time Plaintiff filed this lawsuit, the Foreclosure Action was pending in the Circuit Court for Montgomery County. The Foreclosure Action, though now apparently on appeal, is still

pending. Thus, Plaintiff's claim for quiet title and any other claim involving title should be barred.[4]

### B. Even if the Quiet Title Claim was not Barred by Md. Code Ann., Real Property § 14-108, Count IV Should Be Dismissed Because Plaintiff Failed to State a Claim.

To prevail on a claim to quiet title, Plaintiff must show by clear proof that Deutsche Bank lacks a right to enforce the Deed of Trust. *See, e.g., Roberson v. Ginnie Mae REMIC Trust 2010 H01*, No. PWG-13-1600, 2013 U.S. Dist. LEXIS 137408, at *11 (D. Md. Sept. 25, 2013) (citing *Porter v. Schaffer*, 126 Md. App. 237, 728 A.2d 755, 766-67 (Md. Ct. Spec. App. 1999)); *see also* Md. Code Ann., Real Prop. § 14-108(a) (providing that a person in possession of property "may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title, or determine any adverse claim"); *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982) ("A quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid or has been satisfied."). In other words, "[a] quiet title action cannot be

---

[4] The *Barilone* court also concluded that the plaintiff's Complaint should be dismissed because of the of the *Younger* doctrine, which requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is "'(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" 2013 U.S. Dist. LEXIS 182049, at *16 (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008)). This Court could also dismiss Plaintiff's claims based on the *Younger* doctrine. *Accord Fairfax Sav. v. Kris Jen Partnership*, 338 Md. 1, 32 n. 9, 655 A.2d 1265, 1275 n.9 (1995) (noting that "there is no theoretical obstacle to docketing a counterclaim by the mortgagor in a mortgage foreclosure proceeding").

maintained when a mortgage company has an interest in the home." *Woods v. Flagstar Bank*, No. RWT 12-cv-3220, 2013 U.S. Dist. LEXIS 108485, at *8 (D. Md. Aug. 1, 2013).

Plaintiff has advanced no facts that establish a plausible claim for quiet title.  Plaintiff does not allege that he paid off any home mortgage loan secured by any Deed of Trust.  Plaintiff contends, without any facts to substantiate their position, that "Defendants have no right, estate, title, lien or interest in or to the Property, or any part of the Property."  (Compl. ¶ 103).  Rather, Plaintiff makes "broad, sweeping claims concerning the general illegality of the Defendants' interests in their property, but do not plausibly allege with factual support any actual deficiency in the Defendants' interests."  *Somarriba*, 2013 U.S. Dist. LEXIS 133932, at *18-19.  Moreover, the Foreclosure Action belies Plaintiff's allegations about having superior title to Defendants.  For these reasons, Count IV should be dismissed.

## IV. THE COMPLAINT FAILS TO ESTABLISH THAT DEFENDANTS VIOLATED TILA AND HOEPA (COUNT VI).

In Count VI, Plaintiff contends that Defendants violated TILA and HOEPA.  Plaintiff again fails to identify what Defendant caused the violation.  Plaintiff also fails to identify what provision of TILA or HOEPA were violated.  To the extent Count VI can be understood, the claims apparently relate to the origination of the mortgage.  However, the moving Defendants did not originate the loan.  To withstand a motion to dismiss, the factual allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citations omitted).  Plaintiff's statutory claims, like their common law claims, are not sufficiently pleaded to withstand a Fed. R. Civ. P. 12(b)(6) challenge.

Nevertheless, any TILA or HOEPA claim that Plaintiff could bring would be time barred.  All actions for damages under TILA must be filed "within one year from the date of the

occurrence of the violation." 15 U.S.C. § 1640(e).  "This limitation period begins to run when the borrower accepts the creditor's extension of credit."  *Deabreu v. Novastar Home Mortg., Inc.*, No. DKC 11-3692, 2012 U.S. Dist. LEXIS 77126, at *8 (D. Md. June 4, 2012).  Likewise, a claim for a violation of HOEPA "'must be brought within one year from the date of the occurrence of the violation,'" and the violation date can be "'no later than the date the plaintiff enters the loan agreement.'" *Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 U.S. Dist. LEXIS 100995, at *16 (D. Md. July 20, 2012).  Plaintiff obtained his loan on or about June 26, 2006, so any TILA or HOEPA claim is long time-barred.  Therefore, Count VI should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants, American Home Mortgage Servicing, Inc. d/b/a Homeward Residential, Inc.; Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A., as Trustee for American Home Mortgage Investment Trust 2006-3; Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A.; and Mortgage Electronic Registration Systems, Inc., respectfully request that the Court dismiss the Complaint with prejudice.


Dated January 17, 2014                               Respectfully submitted,

                                                      **HOMEWARD RESIDENTIAL, INC., f/k/a AMERICAN HOME MORTGAGE SERVICING, INC.**

                                                      **DEUTSCHE BANK NATIONAL TRUST COMPANY, FORMERLY KNOWN AS BANKERS TRUST COMPANY OF CALIFORNIA, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**WELLS FARGO BANK, N.A.**

**OCWEN LOAN SERVICING, LLC**

/s/      Mary Catherine Zinsner
Mary Catherine Zinsner
U.S. District Court, D. Md. Bar No. 11763
Billy B. Ruhling, II
U.S. District Court, D. Md. Bar No. 17827
Troutman Sanders LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Telephone:  703-734-4334
Facsimile:  703-734-4340
mary.zinsner@troutmansanders.com
bill.ruhling@troutmansanders.com

*Counsel for Defendants Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.; Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A., as Trustee for American Home Mortgage Investment Trust 2006-3; Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A.; and Mortgage Electronic Registration Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2014, I filed the foregoing with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to the counsel registered below:

Keith Blair
Blair Law Firm, LLC
8775 Centre Park Dr., Suite 315
Columbia, MD 21045-2177
Telephone: 443-832-3850
Fax: 866-585-8182
Email: Kblair@kblairlaw.com
*Counsel for Plaintiff*

/s/   Mary Catherine Zinsner
Mary Catherine Zinsner
U.S. District Court, D. Md. Bar No. 11763
Billy B. Ruhling, II
U.S. District Court, D. Md. Bar No. 17827
Troutman Sanders LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Telephone:  703-734-4334
Facsimile:  703-734-4340
mary.zinsner@troutmansanders.com
bill.ruhling@troutmansanders.com

*Counsel for Defendants Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.; Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California, N.A., as Trustee for American Home Mortgage Investment Trust 2006-3; Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A.; and Mortgage Electronic Registration Systems, Inc.*

21683754v1